NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, NA, FKA Countrywide Home Loans Servicing, LP, as Successor by Merger to BAC Home Loans Servicing, LP; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-Appellee, <br><br> and <br><br> MADEIRA CANYON HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., <br><br> Defendants. | No.   19-17445 <br><br> D.C. No. 2:16-cv-01053-RFB-DJA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted April 13, 2021
Pasadena, California

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and VANDYKE, Circuit Judges, and GLEASON,** District Judge.

Plaintiffs Bank of America, NA ("BANA") and the Federal National Mortgage Association ("Fannie Mae") (collectively, "Fannie Mae") appeal the district court's grant of summary judgment in favor of Defendants SFR Investments Pool 1, LLC ("SFR"), the Madeira Canyon Homeowners Association ("HOA"), and the HOA's agent, the Nevada Association Services, Inc. ("NAS"). This diversity action arises from the nonjudicial foreclosure sale by the HOA of real property in Nevada. On appeal, Fannie Mae challenges the district court's summary judgment ruling on numerous grounds, but we need only address one to conclude that the judgment must be reversed.

We have jurisdiction pursuant to 28 U.S.C. § 1332. Reviewing de novo, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), we agree with Fannie Mae that the 2010 rescission notice decelerated the demand for full payment of the loan, rendering NRS 106.240 inapplicable. We therefore reverse and remand.

Although there is no precedential Nevada Supreme Court decision on point, the court recently addressed the effect of a rescission notice on a notice of default and election to sell secured property under a deed of trust in *Glass v. Select*

** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

2

*Portfolio Servs., Inc.*, 466 P.3d 939, 2020 WL 3604042, at \*1 (Nev. 2020) (unpublished), a non-precedential decision. Because the facts in *Glass* are similar to the undisputed facts here, we find it persuasive and apply the court's reasoning to conclude that the district court erred in entering judgment in favor of SFR. *See* Nev. R. App. P. 36(c).

In *Glass*, the servicer recorded a notice of default and election to sell under a deed of trust. *Glass*, 466 P.3d at 939. There was no "dispute that the Notice of Default accelerated the loan and made the balance immediately due." *Id*. Later, the servicer recorded a notice of rescission, which the court explained, "effectively retracted the Notice of Default and restored the parties to the prior status they held before the Notice of Default was filed." *Id.* (citing *Holt v. Reg'l Tr. Servs. Corp.*, 26 P.3d 602, 606 (Nev. 2011)). As the court noted, the servicer's rescission notice "clearly state[d] that it does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell." *Id*. at 939 (internal quotation marks deleted). The court then concluded that "by explicitly cancelling this Notice of Default, [the servicer] effectively cancelled the acceleration." *Id*. In light of these events, the court held that NRS 106.240 was inapplicable because the servicer rescinded the notice of default. *Id*.

Similar to the facts in *Glass*, in the present case, the October 2008 notice of default and election to sell under the deed of trust declared all sums secured by the

deed of trust "immediately due and payable" and "elect[ed] to cause the trust property to be sold to satisfy the obligations secured [by the deed of trust]." The 2010 rescission notice, however, "rescind[ed], cancel[led] and withd[rew] the Notice of Default and Election to Sell . . . ." As in *Glass*, the effect of the rescission notice was not only to cancel the sale, but also to cancel the demand for full payment of the note. In granting summary judgement for SFR, the district court noted that the rescission notice did not expressly state that "the acceleration of the loan has been rescinded" and that it reserved "any rights, remedies, or privileges secured to the beneficiary [Fannie Mae]." On the basis of these concerns, the district court concluded "that more is required in order to show that deceleration of payment was intended."

SFR echoes these arguments in its appellate brief. These arguments are not persuasive after *Glass*, which neither the district court nor the parties had the benefit of before the court entered judgment on behalf of SFR. Because the 2010 rescission notice decelerated the demand for full payment, the notice rendered NRS 106.240 inapplicable, and the district court erred by concluding otherwise. We therefore reverse the district court's grant of summary judgment to SFR.

Because NRS 106.240 is not applicable, we need not address the other issues raised on appeal by Fannie Mae. We remand to the district court so that it may address in the first instance any remaining issues raised by the parties.

**REVERSED** and **REMANDED** for further proceedings consistent with this disposition.